932 A.2d 735

**Ronald Marvin WILLIS**

v.

**STATE of Maryland.**

No. 1099, Sept. Term, 2005.

Court of Special Appeals of Maryland.

Sept. 13, 2007.

Nancy S. Forster (David P. Kennedy, on brief), Baltimore, for appellant.

J. Joseph Curran, Jr. (James Williams, on brief), for appellee.

Panel SALMON, ADKINS and MEREDITH, JJ.

MEREDITH, J.

On June 28, 2005, Ronald Marvin Willis, the appellant, was tried on an agreed statement of facts in the Circuit Court for Howard County. He was convicted of committing a theft that allegedly occurred eighteen years earlier (on August 7, 1987). On appeal, he raises a single issue: Did the circuit court apply an incorrect legal standard in denying his motion to dismiss the indictment for excessive pre-indictment delay? Because the circuit court properly applied the standard adopted by the Court of Appeals in *Clark v. State*, 364 Md. 611, 774 A.2d 1136 (2001), we answer "no" to the question and affirm the judgment of the circuit court.

On August 7, 1987, an apartment in Columbia was broken into, and money and electronic equipment were stolen. Although some latent fingerprints were lifted from the crime scene in 1987, the prints were not utilized by the Howard County Police Department until 2003. The case lay dormant until October of 2003, when Alan Haffner, a police fingerprint specialist, began working on a "cold case" project, which he described as "going through all the latent prints stored in our office, and doing searches on cases that were still open [ ] to determine if there [were] suitable fingerprints in that case for search[ing by]" utilizing a computer program that compared fingerprints to those in a Maryland database. Haffner matched appellant's prints to those recovered from the apartment, using the Maryland computer fingerprint database that had been compiling known prints since 1991. Haffner could not say when appellant's prints had been added to that database.

On March 9, 2005, Willis was indicted on several counts related to the 1987 burglary. He moved to dismiss the charges on the ground that the unreasonably long pre-indictment delay deprived him of due process. Defense counsel

proffered that appellant would have testified that he had no recollection of his whereabouts on the day the crime was committed. At the conclusion of the hearing on Willis's motion to dismiss, the court essentially agreed with the State's position that *Clark* applies even in a case involving property damage only. Because the court found no evidence that there was any intentional delay on the part of the State, the court denied Willis's motion, stating:

> THE COURT: ... I will deny the defense motion; I've already said most of the reasons why in my discussions with counsel here. Obviously, there is some degree of prejudice to the defendant from—in having a case back in '87 be brought up just now, and as I think [defense counsel] has probably articulated the most significant degree of prejudice, which is just inability to recall, or remember where one was at that time, or what one was doing, or what's—obviously, that is also a limitation on the defense here, and one can imagine the cross-examination of folks regarding the alleged investigation or even the ownership of the property, or whatever, from all these many years ago. So, I don't see any evidence here that there was any intentional effort by the State to delay this.
>
> They had a system that they put together to look at cases that, obviously, took some time to do this, and there is a priority list, and it sounds like that's a very rational and reasonable thing to do.
>
> I don't find that this is one of those cases that is so overly stale by due process that it creates irrebuttable presumption of prejudice, and I think, under the current case law, [as] it exists now, that the motion can and will be denied.

In *Clark,* the Court of Appeals set forth a test for deciding whether a pre-indictment delay violates a defendant's due process rights. The Court of Appeals determined that a defendant would be required to prove *both* (1) that he suffered actual prejudice from the delay, *and* (2) that the delay was the result of a purposeful attempt by the State to gain a tactical

**4**

advantage over him. 364 Md. at 622, 774 A.2d 1136. *See also* *Glover v. State*, 368 Md. 211, 231 n. 12, 792 A.2d 1160 (2002).

█ In this appeal, appellant challenges the application of the two-part test to his case, and argues that there should be a different standard applied in cases involving non-violent property crimes, based upon the seriousness of the crime charged.[1] Appellant notes that Clark involved a murder, and, in his view, the Court of Appeals could not have intended for a test that is so difficult to satisfy to apply in cases such as his. He contends:

> Such a strict test is impossible to meet, even in cases such as the present one where fundamental fairness strongly suggests a prosecution is untimely after 16 years. The *Clark* test is unduly harsh when applied to non-violent property crimes for which the State has not enacted a statute of limitations. . . .
>
> In cases of non-violent property crimes with no statute of limitations, a flexible balancing test should be applied to determine whether lengthy pre-indictment delay violates due process. Such a balancing test has been applied by many courts, albeit a minority, in cases of various types, where there is a statute of limitations, and where there is none.

---

1.  Appellant relies in part upon a law review article that urges courts to adopt a balancing approach similar to the analysis utilized to assess speedy trial claims under the standard announced in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)("The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed."). The author of the article opines:

    > A fairer and more logical approach for pre-indictment delay claims is the balancing test currently used by the minority of circuits. Under this approach, the defendant must still prove actual and substantial prejudice as a result of the pre-indictment delay; however, the government has the burden to provide the reasons for the pre-indictment delay. The court must then engage in a balancing test that involves weighing the prejudice to the defendant against the government's reasons for pre-indictment delay.

    Michael J. Cleary, *Pre-indictment Delay: Establishing a Fairer Approach Based on United States v. Marion and United States v. Lovasco*, 78 TEMP. L. REV. 1049, 1073 (2005) (footnotes omitted).

We see nothing in the language of *Clark* that suggests that the Court of Appeals would make any distinction based upon the nature of the charges. To the contrary, the language of that opinion is consistently general. Neither of the two Supreme Court cases discussed at length in *Clark,* 364 Md. at 624–31, 774 A.2d 1136, involved a violent crime. The defendant in *United States v. Lovasco,* 431 U.S. 783, 784, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), was indicted for possessing eight firearms stolen from the United States mail and for dealing in firearms without a license. And in *U.S. v. Marion,* 404 U.S. 307, 308, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the crime involved fraudulent business practices.[2]

Furthermore, the Court of Appeals adopted the *Clark* test in a case involving crimes for which there was no applicable statute of limitations. The Court stated, 364 Md. at 643, 774 A.2d 1136:

> As noted *supra,* Maryland has no statute prescribing a time limit for seeking an indictment for felonies and [penitentiary] misdemeanors. We look to the common law for guidance as required by Article 5 of the Declaration of Rights, Constitution of Maryland, which mandates "[t]hat the Inhabitants of Maryland are entitled to the Common Law of

---

2. In his treatise regarding prosecutorial misconduct, Professor Bennett L. Gershman concludes that the right to due process provides "very little protection" against pre-indictment delay. He observes:

> In *United States v. Marion* and *United States v. Lovasco,* the Supreme Court indicated that an inordinate delay between the occurrence of criminal conduct and the return of an indictment could run afoul of due process if the delay (1) prejudiced the defendant, and (2) was the result of improper prosecutorial motivation. The Supreme Court did not decide whether both prejudice and an improper delay are necessary to establish a due process violation or whether one alone will suffice. Nor did the Court determine what constitutes prejudicial delay or improperly motivated delay, or allocate the burden of proof of a due process violation based on pre-indictment delay. Although lower courts have not answered these questions uniformly, clear majority rules have emerged, demonstrating that the due process guarantee against pre-indictment delay offers very little protection.

BENNETT L. GERSHMAN, PROSECUTORIAL MISCONDUCT § 8.2 (2d ed., updated through September 2006).

England, and the trial by Jury, according to the course of the Law, and to the benefit of such of the English statutes as existed on the Fourth day of July, seventeen hundred and seventy-six." As the Court of Special Appeals correctly noted in *Smallwood,* "[a]t common law, criminal proceedings may be instituted at any time during the life of an offender." *Smallwood,* 51 Md.App. at 468, 443 A.2d at 1006 (internal quotation marks omitted) quoting Hochheimer, LAW OF CRIMES AND CRIMINAL PROCEDURE § 87 (1897); 1 Wharton, CRIMINAL LAW § 90 (14th ed. (1978)). Therefore, assuming that the indictment against Petitioner was otherwise validly brought, the indictment does not fail merely because it was brought fifteen years after the crime was committed. *Cf. Smallwood,* 51 Md.App. at 468, 443 A.2d at 1006.

Accordingly, we find no merit in Willis's argument that his case should be measured by a different standard due to the lack of any statute of limitations for prosecuting theft offenses.

Appellant does not suggest that the circuit court erroneously applied the *Clark* test. Instead, he argues that the Court of Appeals should have adopted a different test because the one it did adopt would apply to crimes of varying severity, some of which are subject to statutes of limitations and some of which are not. In essence, he suggests that the Court did not realize what it was doing because, if it had, it would have done something else.

Our obligation is to follow the clear dictates of the Court of Appeals. *Clark* set forth a two-part test for assessing pre-indictment delay and gave no indication that there should be exceptions based upon the nature of the crimes charged. The circuit court did not err in applying this controlling precedent from the Court of Appeals.

**JUDGMENTS AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**